## RAILWAY CO. *v.* WRIGHT.

### Opinion delivered February 18, 1893.

1. *Stock killed by railroad train—Posting notice.*
   Under Mansfield's Digest, sec. 5538, providing that when any stock is killed by a railroad train, the railroad company must post at the station-house nearest to the killing a description of the animal killed and the time and place of killing, or forfeit double damages for such killing, the posting of such notice at such station-house in any public place where it could be seen is a sufficient compliance with the statute.

2. *Sufficiency of evidence.*
   Proof that no advertisement of the killing of the animal was posted at the nearest station-house, either at the place where such notices were usually placed or in front of the building, will, in the absence of evidence that there were other places suitable for such posting, justify a finding of the jury that no notice was posted.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

Wright brought suit against the St. Louis, Iron Mountain and Southern Railway Co. to recover damages for the killing of a horse. From a judgment in plaintiff's favor awarding double damages, defendant has appealed.

*Dodge & Johnson* for appellant.

The awarding of double damages was erroneous. The evidence was not sufficient to make a *prima facie*

case.   The law only requires the notice to be posted "at the nearest station-house and the nearest depot-house." 45 Ark. 297.   It was a compliance with the law if the notice was posted in any public place where it may be seen, "and it was not necessary to post it in the waiting room or in *front* of the depot or station."

*Scott & Jones* for appellees.

There was testimony enough to bring this case within the rule laid down in 45 Ark. 295.   Posting on the end or rear of the building not sufficient.   53 Ark. 242.

MANSFIELD, J.   Wright & Williams brought this action to recover damages for the killing of a horse by one of the defendant company's trains.   The jury having found for the plaintiffs, and having also found that the defendant failed to post the notice required by section 5538 of Mansfield's Digest, assessed double damages as directed by that statute.   The section cited provides that " whenever any stock, such as horses, etc.,   *   *   *   are killed, wounded or injured by railroad trains running in this State, the conductor or engineer on the train doing the damage shall cause the station-master or overseer at the nearest station-house to the killing or wounding to post" at such house "within one week thereafter and to so keep posted for twenty days thereafter, a true and correct description of such stock," giving the time when and the place where it was killed or injured ; and that, on failure to so advertise any stock killed, the owner thereof shall recover for it double damages.

The company concedes that it was liable for the value of the horse, but contends that there was no evidence to warrant the recovery of more than single damages, and that the court erred in its charge as to the place of posting the notice and in refusing an instruction on the same point.

To maintain their claim to double damages, the plaintiffs introduced a witness who stated that, within a week or ten days after the horse was killed, he examined the depot building at Homan station, which was the nearest depot to the place where the injury occurred, and that he examined it several times within two or three weeks subsequent to the date of the killing and failed at any time to find a notice thereof, although he looked especially for it. On cross-examination, he stated that he only looked for the notice in the waiting room of the depot where such notices were usually posted and on the front of the building on the outside next to the track of the railway; and that the notice might have been on the back or ends of the building as he did not look for it at either of those places. No other testimony was given as to the notice, and the defendant requested the court to charge that the statute was complied with by posting the notice in any public place at the station-house where it might be seen, and that it was not necessary to post it in the waiting room or in front of the house. The court refused to give the last clause of the request, but instructed the jury that if the killing of the horse was posted at the station-house in any public place where it could be seen, it was a compliance with the law.

There was no error in refusing the instruction in the form requested. Its phraseology was at least misleading, and the jury might have taken it to mean that it was unnecessary to post the notice in the waiting room or on the front side of the depot, although they found that those were the only public places at the building. Besides, the defendant's request assumes that there were places at the depot other than the waiting room or front of the building where the notice might have been posted within the meaning of the statute. This could hardly have been found from the testimony, as the

1. As to posting stock killed by train.

witness gave no such description of the building and its location as tended to show that the ends and back part of it were open to public observation to an extent that made them suitable places for posting notices. But conceding that there was evidence from which the jury might have made such finding, the court's charge left them free to do so; and, as an interpretation of the statute, the charge was not unfavorable to the defendant, for it made any public place at the station house of the kind mentioned a proper place to post the notice, whether it was one of the most public places there or not. (See *Jennings* v. *Carter*, 53 Ark. 242.)

2. Sufficiency of proof that notice was not posted.

We think the evidence is sufficient to support the judgment for double damages. Its sufficiency to warrant a finding that no advertisement was posted, either at the place where the stock notices of the company were usually put up, or on the front side of the depot building, is not questioned; and proof of that fact appears to us to make a *prima facie* case for the plaintiffs, according to the rule indicated in *Kansas City etc. R. Co.* v. *Summers*, 45 Ark. 297. It was there said that, in cases arising under this statute, the plaintiff is required to offer only such proof of the failure to advertise as, in the absence of counter testimony, will justify the inference that notice has not been given.

Affirm.